UNITED STATES of America,
Appellee,

v.

Jan Elijan ROGERS, also known as
Bobby Digital, Defendant–
Appellant.

No. 05–1455–CR.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2005.

Theodore S. Green, Green & Willstatter,
White Plains, NY., for Appellant.

Perry A. Carbone, Assistant United
States Attorney for the Southern District
of New York (Michael J. Garcia, United
States Attorney, Katherine Polk Failla,

Assistant United States Attorney), New York, NY., for Appellee, of counsel.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

The defendant-appellant, Jan Elijah Rogers, was convicted of two counts of advertising to receive, exchange, and distribute child pornography, 18 U.S.C. § 2251(c) (now 18 U.S.C. § 2251(d)), and one count of transporting child pornography by computer, 18 U.S.C. § 2252A(a)(1). He was sentenced to 20 years' imprisonment. Rogers challenges his conviction and sentence on several grounds.

■ Rogers argues that venue in the Southern District of New York was improper because he is a resident of Colorado whose only connection with New York is that his Internet crime was discovered here. Venue in the Southern District of New York was proper because Rogers's Internet advertisement could be, and was, viewed in the Southern District of New York, and because its placement on the Internet supports a strong inference that Rogers contemplated that it would be accessible everywhere that access to the Internet can be had. *See United States v. Rowe,* 414 F.3d 271, 279–80 (2d Cir.2005).

■ Rogers challenges the search warrant pursuant to which most of the evidence against him was discovered. He argues that the warrant was without probable cause because no images of child pornography had been found prior to the issuance of the warrant. "In reviewing a magistrate's probable cause determination, we accord substantial deference to the magistrate's finding and limit our review to whether the issuing judicial officer had a substantial basis for the finding of prob-

able cause." *United States v. Singh,* 390 F.3d 168, 181 (2d Cir.2004). The warrant was based, among other things, on a chat room advertisement in which Rogers advertised "[a]n fserver for fans of panty/diaper, swimsuit, and action pix (0–8yrs)," a post by Rogers stating "[r]emember, the higher the quality, the younger the girl (or boy), and the better the action, the more bonus credits you receive," and a file directory indicating files with names like 'BBRAPE.' "[G]iven all the circumstances set forth in the affidavit ... there [was] a fair probability that ... evidence of a crime" would be found in Rogers' residence. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Hence, the magistrate judge here had a substantial basis for finding probable cause. The warrant was also sufficiently specific to "enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize." *United States v. George,* 975 F.2d 72, 75 (2d Cir.1992). And the "facts in [the] affidavit supporting [the] search warrant [were] sufficiently close in time to the issuance of the warrant ... so that probable cause [could] be said to exist as of the time of the search." *United States v. Wagner,* 989 F.2d 69, 75 (2d Cir.1993).

■ Rogers contends that his sentence was unreasonable. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005). He argues that in calculating the applicable range under the Federal Sentencing Guidelines the district court mistakenly imposed an enhancement for "sadistic or masochistic [material] or other depictions of violence" under U.S.S.G. § 2G2.2(b)(3) (Nov.2001). The district court did not clearly err in finding the facts on which that enhancement was based. *See United States v. Selioutsky,* 409 F.3d 114, 119 (2d Cir.2005). The district court's decision to impose a sentence

above the Guidelines range was not unreasonable because it was based on the district court's clearly expressed finding that Rogers engaged in the extraordinary abuse of children, encouraged others to abuse children, and violated the trust of parents who safeguarded their children to his care.

The district court's decision to depart upward from the Sentencing Guidelines range would have been a valid upward departure prior to the effectiveness of the rule set forth in *Booker*. *See* U.S.S.G. § 2G2.2 app. note 2. For that reason, if no other, it does not violate ex post facto principles.

Finally, the court's decision not to appoint a sentencing mitigation specialist for Rogers, even if error, was harmless. *See United States v. Smith,* 987 F.2d 888, 891–92 (2d Cir.1993).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.